P. Scott McCleery (OSB No. 85065)
psmccleery@dgnmw.com
Doyle, Gartland, Nelson, McCleery & Wade, P.C.
44 Club Road, Suite 200
P.O. Box 11230
Eugene, OR 97440-3430
Telephone: (541) 344-2174
Facsimile: (541) 344-0209

Of Attorneys for Defendant Encore Receivable Management, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BEVERLY HILBURN, | Case No. 06-6096-HO |
| Plaintiff, | |
| v. | ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT ENCORE RECEIVABLE MANAGEMENT, INC. |
| ENCORE RECEIVABLE MANAGEMENT, INC., et al., | |
| Defendant. | |

COMES NOW Defendant Encore Receivable Management, Inc. (hereinafter "Defendant" or "Encore") by and through its undersigned counsel and for its Answer to Plaintiff's Complaint, states and alleges as follows:

///

PAGE 1 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT ENCORE RECEIVABLE MANAGEMENT, INC.

## JURISDICTION

1. Defendant admits that jurisdiction exists under 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 15 U.S.C. § 1692k(d), but denies that Plaintiff has any claim herein.

2. Defendant denies that Plaintiff has any claim herein.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

4. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the same for the present time.

5. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same for the present time.

6. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same for the present time.

7. Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same for the present time.

9. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same for the present time.

10. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same for the present time.

///

## FACTUAL ALLEGATIONS

11. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same for the present time.

12. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same for the present time.

13. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same for the present time.

14. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same for the present time.

15. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same for the present time.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same for the present time.

///

18. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same for the present time.

19. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same for the present time.

20. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same for the present time.

21. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same for the present time.

22. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same for the present time.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint and, therefore, denies the same for the present time.

///

///

PAGE 4 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT ENCORE RECEIVABLE MANAGEMENT, INC.

25. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 25 of Plaintiff's Complaint and, therefore, denies the same for the present time.

26. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same for the present time.

27. Defendant denies all allegations which have not been specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

28. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

29. Encore affirmatively believes that if any error occurred, it was a result of a *bona fide error*. In this regard, Encore affirmatively states that it maintains thorough training procedures for all of its account representatives.

30. The statutes of limitations under the Fair Debt Collection Practices Act is one year. Therefore, to the extent that any allegations occurred prior to one year before the filing of the Complaint, then such allegations and claims for relief are barred by the applicable statutes of limitations.

///

///

///

///

PAGE 5 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT ENCORE RECEIVABLE MANAGEMENT, INC.

## COUNTERCLAIM

**(Attorney Fees Under the Fair Debt Collection Practices Act)**

31.     The Fair Debt Collection Practices Act, 15 U.S.C. §1692k(a)(3), provides that Defendant may recover reasonable attorney fees if the court finds that Plaintiff's action was brought in bad faith and for the purpose of harassment.

32.     Defendant has incurred substantial attorney fees to defend this action.

33.     Plaintiff's claim, under the Fair Debt Collection Practices Act, was brought in bad faith and for the purpose of harassment, and Defendant is entitled to an award of reasonable attorney fees incurred to defend this action.

WHEREFORE, Defendant Encore Receivable Management, Inc. prays that Plaintiff's Complaint be dismissed with prejudice, for attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

DATED this 5th day of June, 2006.

>     /s/ P. Scott McCleery_____
> P. SCOTT McCLEERY (OSB No. 85065)
> Doyle, Gartland, Nelson, McCleery
>   & Wade, P.C.
> 44 Club Road, Suite 200
> P.O. Box 11230
> Eugene, OR  97440-3430
> (541) 344-2174
>
> Counsel for Defendant Encore Receivable
>   Management, Inc.